```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
STUDENT LIFELINE, INC.,

                    Plaintiff,

        -against-                    MEMORANDUM & ORDER
                                     04-CV-5484(JS)(JO)
THE SENATE OF THE STATE OF NEW YORK,
JOSEPH L. BRUNO, JIM ALESI, MICHAEL
A.L. BALBONI, JOHN A. DEFRANCISCO,
CHARLES J. FUSCHILLO, KENNETH P.
LAVALLE, JOSEPH E. ROBACH, MARY LOU
RATH, STEPHEN M. SALAND, MARTIN J.
GOLDEN, JOHN J. FLANAGAN, KEMP HANNON,
and NEW YORK STATE SENATORS, "JOHN DOE"
and "JANE DOE," being the fictitious
names of other Senate members, presently
unknown to claimant, all individually
and in their respective capacities as
New York State Senators,

                    Defendants.
----------------------------------X
```
Appearances:

For Plaintiff:      John A. Dalley, Esq.
                    225 Broadway, Suite 3800
                    New York, New York 10007

For Defendants:     Dorothy O. Nese, Esq.
                    Attorney General of the State of New York
                    200 Old Country Road, Suite 460
                    Mineola, New York 11501

SEYBERT, District Judge:

## INTRODUCTION

Pending before the Court is the Defendants' application to overturn Magistrate Judge James Orenstein's Order dated August 30, 2006 ("Order"). Defendants claim that the Magistrate's Order is clearly erroneous and contrary to law. The Court DENIES Defendants' application for the reasons below.

**BACKGROUND**

In 2001, Plaintiff authored the "Private Children's ID Record" (the "Work"), a publication that documents identifying information for missing children and young adults. (Amended Complaint ("Am. Compl.") ¶ 32.) Since 2002, Plaintiff has been selling and distributing copies of the Work; in October 2004, Plaintiff registered the Work with the United States Copyright Office. (Id. at ¶ 36–37.) Due to widespread display and use of the Work, its trademarks, and trade dress, the public and trade can identify and refer to Plaintiff's high quality kit used for identifying children. (Id. at ¶ 35.)

In May 2004, Defendant Senator Kemp Hannon ("Hannon") contacted Plaintiff to use the Work for distribution. (Id. at ¶ 40–41.) Plaintiff printed copies of the Work to distribute within the senatorial districts of each individual Senator; each Senator's name and picture appeared on the cover of the Work. (Id. at ¶ 41–42.) Subsequently, a member of Hannon's staff told Plaintiff its services were no longer needed. (Id. at ¶ 43.) Since June 2004, unauthorized Work copies have allegedly appeared on various Senators' web sites and were distributed without Plaintiff's name, permission, copyright and trademark notices. (Id. at ¶ 44–47.)

On December 16, 2004, Plaintiff filed a complaint against Defendants. On February 22, 2005, Plaintiff filed an amended

complaint.  Defendants answered on April 15, 2005, asserting various affirmative defenses.  After surviving a motion to dismiss, the parties to the action are currently conducting discovery.

After some discovery took place, Plaintiff filed more actions in other districts of New York.  The parties appeared before this Court on August 18, 2006 for a pre-motion conference.  A briefing schedule was set for the parties to submit motions for summary judgment, consolidation, and transfer of venue.  On August 27, 2006, Defendants applied to the Magistrate for a stay of discovery pending this Court's decision on the motions for summary judgment, consolidation, and transfer of venue.  In his August 30th Order, the Magistrate extended the parties' discovery deadlines by thirty days.  In that same Order, the Magistrate ordered that the parties set final dates for the remaining depositions and warned the parties that these dates were not to change absent extraordinary circumstances.  On September 1, 2006, Defendants objected to the Magistrate's Order because it only granted Defendants a thirty-day extension for discovery instead of a ninety-day extension as requested.

### **DISCUSSION**

Rule 72 provides in pertinent part the following:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into record a written order setting forth the disposition of the matter.  Within 10 days after being served with a

> copy of the magistrate judge's order, a party may serve
> and file objections to the order; a party may not
> thereafter assign as error a defect in the magistrate
> judge's order to which objection was not timely made.
> The district judge to whom the case is assigned shall
> consider such objections and shall modify or set aside
> any portion of the magistrate judge's order found to be
> clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a).

The Court may set aside the Magistrate's Order concerning non-dispositive matters only if the order is "clearly erroneous or contrary to law." Id. An order is "clearly erroneous only when the reviewing court[, based] on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed." Weiss v. La Suisse, 161 F. Supp. 2d 305, 320-21 (S.D.N.Y. 2001). An order is "contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Id.

Discovery matters are generally considered non-dispositive, and so Rule 72(a) governs discovery matters. See id. "A magistrate judge's resolution of discovery disputes deserves substantial deference" and is overruled only if there is an abuse of discretion. Id.; see EEOC v. First Wireless, Inc., No. 03-CV-4990 (E.D.N.Y. Nov. 23, 2004) (order denying EEOC's first motion to set aside magistrate's order).

In this case, Defendants fail to display any error the Magistrate may have committed in its August 30th Order. Defendants also have not pointed to any rulings in that Order that are

4

contrary to law. Defendants' counsel informed the Magistrate that she would be unavailable for the first two weeks of September. In light of that, the Magistrate was quite generous and extended the discovery deadline by thirty days, which in essence gave Defendants an additional two weeks' time to finish discovery.

Even if this Court entertained Defendants' application, Defendants fail to demonstrate any good cause to stay discovery. Defendants first argue that the other related actions require "coordination" among the offices of the New York State Attorney General's Office. However, this coordination among defense counsel's offices is necessary whether or not this Court stays discovery. Thus, the Court fails to see how staying discovery would assist the Attorney General in its coordination efforts.

Second, Defendants argue that the new defendants in the other actions will be prejudiced by an inability to participate in the discovery process. But that has nothing to do with the discovery process currently taking place with the Defendants in **this** action. Furthermore, nothing precludes the parties from conducting discovery in those other actions with those other new defendants.

Defendants also discuss how Plaintiff "confidently moved" for partial summary judgment on its copyright infringement claim. But again, the Court fails to see how this motion has anything to do with the remaining depositions that need to take place in this

action.  Defendants claim that a stay of discovery in this action would permit Plaintiff to effect proper service on the new Defendants in the other actions.  This seems to be more of an issue that Plaintiff would raise, and because Plaintiff has not raised it, the Court rejects it as a ground for staying discovery on behalf of the Defendants.  Staying discovery in this action will not help the new defendants in requesting representation from the Attorney General or appearing in the new actions.

Lastly, Defendants believe that this Court will likely grant their motions for consolidation and transfer.  Thus, the Defendants argue, good cause exists to stay discovery.  First, the Court has never indicated to any party how it will rule on the motions for consolidation and transfer so Defendants' beliefs are unsupported.  Second, what the Defendants' beliefs are as to the outcome of any motion is completely irrelevant to staying discovery in this action.

## CONCLUSION

Because the Court does not find the Magistrate's Order to be clearly erroneous or contrary to law, the Court DENIES Defendants' application to hold the Magistrate's Order as clearly erroneous.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         September  5 , 2006